**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE CRUZ,<br><br>                    Plaintiff,<br><br>          v.<br><br>VOLUNTEER OF AMERICA DELAWARE VALLEY, *et al.*,<br><br>                    Defendants. | Civil Action No. 26-4900 (GC) (RLS)<br><br>**MEMORANDUM & ORDER** |

**CASTNER, District Judge**

Plaintiff, a convicted and sentenced state prisoner, is proceeding *pro se* with a civil rights complaint (Complaint). (ECF No. 1). Plaintiff did not pay the applicable fee or file an application to proceed *in forma pauperis* ("IFP"). Accordingly, the Court will administratively terminate this action and provide Plaintiff with thirty (30) days to submit a completed and signed IFP application, or pay the $405.00 fee.

The Prison Litigation Reform Act of 1995 (PLRA), which amended 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action IFP. Under the PLRA, a prisoner bringing a civil action IFP must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. *Id.* § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.*

The entire fee to be paid in advance of filing a civil complaint is $405. That fee includes a filing fee of $350 plus an administrative fee of $55, for a total of $405. A prisoner who is granted IFP status will, instead, be assessed a filing fee of $350 and will not be responsible for the $55 administrative fee. If IFP status is denied, the prisoner must pay the full $405, including the $350 filing fee and the $55 administrative fee, before the complaint will be filed.

If the prisoner is granted IFP status, the prisoner must pay the full amount of the $350 filing fee as follows. *Id.* § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. *Id.* 1915(b)(2).

Plaintiff may not have known when he submitted his Complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B); *see also id.* § 1915A(b). If the Court dismisses the case for any of these reasons, the PLRA does not permit the prisoner to get his filing fee back.

If the prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action IFP unless he is in imminent danger of serious physical injury. *Id.* § 1915(g).

Here, Plaintiff has not paid the $405 fee or applied to proceed IFP.

The Court will therefore administratively terminate this action without directing the Clerk of the Court to file the Complaint or assess a fee. If Plaintiff wishes to reopen this action, he must submit a proper IFP application, *or* pay the $405.00 fee within thirty (30) days.

**IT IS**, therefore, on this 2<u>nd</u> day of July, 2026, **ORDERED** as follows:

The Clerk shall **ADMINISTRATIVELY TERMINATE** this matter, without filing the Complaint or assessing a fee; Plaintiff is advised that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs . . . ."); and it is further

**ORDERED** that, if Plaintiff wishes to reopen this case, he shall so notify the Court, in a writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, within 30 days of the date of entry of this Memorandum and Order; Plaintiff's writing shall include either (i) a complete, *signed* IFP application on form DNJ-Pro Se-007-A-(Rev.12/2023), including a certified six-month prison account statement, or (ii) the full $405 fee including the $350 filing fee plus the $55 administrative fee;; and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either (i) a complete, signed IFP application on form DNJ-Pro Se-007-A-(Rev.12/2023), including a certified six-month prison account statement, or (ii) the full $405 fee including the $350 filing fee plus the $55 administrative fee, the Clerk of the Court will be directed to reopen this case; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order

and a blank form DNJ-Pro Se-007-A-(Rev.12/2023) upon Plaintiff by regular U.S. mail.

**GEORGETTE CASTNER**
**United States District Judge**

4